UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

PAMELA ANN JARRETT                                                          PETITIONER

v.                                                       CIVIL ACTION NO. 5:20-CV-P47-TBR

ROGER FORD et al.                                                         RESPONDENTS

**MEMORANDUM OPINION**

P*ro se* Petitioner Pamela Ann Jarrett, a pretrial detainee in the Marshall County Detention Center, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  She alleges that she is being unlawfully detained because she has been subjected to excessive bail.  She alleges that on February 25, 2020, an additional $20,000 bail was "was set and tacked on to the @20,000.00 cash bond Petitioner's father had posted on 8/29/2019 without any hearing whatsoever, no written court order to take appeal from, and no written order containing any findings of dangerousness by clear and convincing evidence standard of proof."

The Court ordered Petitioner to show cause why her petition should not be dismissed for failure to exhaust her state-court remedies.  Petitioner has filed her response (DN 5).  She states that when she filed her petition she had been put back into Marshall County Detention Center without a court order to appeal so that she could exhaust.  She further states that since then she appeared before the Marshall Circuit Court with her criminal attorney on March 24, 2020, for a bond amendment.  She states she should not have been taken into custody "and there was not adequate state remedy."  She attaches the Marshall Circuit Court order entered March 25, 2020, setting bond at $20,000 cash.

---

[1] Because pretrial detainees must pursue habeas relief under 28 U.S.C. § 2241, the Court construes this habeas petition to be one under § 2241.  *See Girts v. Yanai*, 600 F.3d 576, 587 (6th Cir. 2010).

As explained by the Court in its show-cause order, to warrant relief under § 2241, a petitioner is required to exhaust his or her state remedies prior to bringing such an action. *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). "[T]he doctrine of exhaustion of state remedies has developed to protect the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes." *Id.*; *see also Rose v. Lundy*, 455 U.S. 509, 518 (1982). "A rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error." *Id.* at 518-19. Unless unusual or exceptional circumstances make it appropriate to reach the merits of a claim not first exhausted in the state court, the habeas petition should be dismissed. *Granberry v. Greer*, 481 U.S. 129, 134 (1987); *O'Guinn v. Dutton*, 88 F.3d 1409, 1413 (6th Cir. 1996) (en banc). The burden is on the petitioner to demonstrate compliance with the exhaustion requirement or that the state procedure would be futile. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Here, Petitioner does not explain why she cannot challenge the Marshall Circuit Court's order setting bond in the state court. Moreover, she states that she is represented by an attorney in her state-court criminal case. The Court finds that Petitioner has not met her burden to show compliance with the exhaustion requirement or that the state process would be futile. Therefore, by separate Order, the Court will dismiss the petition for failure to exhaust.

## CERTIFICATE OF APPEALABILITY

An individual who unsuccessfully petitions for writ of habeas corpus in a federal district court and subsequently seeks appellate review must secure a certificate of appealability (COA) from either "a circuit justice or judge" before the appellate court may review the appeal.

2

28 U.S.C. § 2253(c)(1).  A COA may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

When a district court denies such a motion on procedural grounds without addressing the merits of the petition, a COA should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

When a plain procedural bar is present and a court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the petition or that the petitioner should be allowed to proceed further. *Id.*  In such a case, no appeal is warranted. *Id.*  The Court is satisfied that no jurist of reason could find its procedural ruling to be debatable.  Thus, no certificate of appealability is warranted in this case.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:  April 23, 2020

cc:     Petitioner, *pro se*
4413.009

**Thomas B. Russell, Senior Judge**
**United States District Court**

3